UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00056-LLK

RONI RANEE HARRISON                                                                                  PLAINTIFF

v.

CAROLYN COLVIN, Commissioner of Social Security                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review (pursuant to Sentence 4 of 42 U.S.C. 405(g)) of the final decision of the Commissioner denying her claim for Social Security disability benefits. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 13.

Plaintiff filed a motion for summary judgment, and Defendant responded in opposition. Dockets 16 and 19. The motion will be DENIED because, considering only the evidence that was before the administrative law judge (ALJ), the ALJ's decision was supported by substantial evidence and was in accord with applicable legal standards.

Additionally, the parties dispute the status of certain evidence that was not before the ALJ. Plaintiff submitted evidence to the Appeals Council suggesting that consultative physician Michael W. McCall, Jr., was not licensed to practice medicine in the state of Kentucky at the time he examined Plaintiff (at the request of the Commissioner). Defendant submitted evidence (Docket 19-1) showing that, in fact, Dr. McCall was duly licensed.

Plaintiff filed a motion to strike Defendant's evidence concerning Dr. McCall's licensure, and Defendant responded in opposition. Dockets 20 and 23. The motion will be DENIED because Defendant's evidence is relevant to the Court's analysis of whether Plaintiff's evidence constitutes new

1

and material evidence (not before the ALJ) warranting a remand for consideration of such evidence (by the ALJ) pursuant to Sentence 6 of Section 405(g).

**Plaintiff's motion to strike (Docket 20) is without merit.**

Plaintiff alleges disability, in part, due to "severe," or vocationally-significant, unexplained psychogenic tremor of the right upper extremity.  See ALJ's decision at administrative record (AR), p. 77 identifying this as Plaintiff's sole severe impairment.

The ALJ found that Plaintiff is not disabled because she retains the ability to perform her past relevant (clerical) work.  AR, p. 86.  In finding that Plaintiff retains the physical residual functional capacity (RFC) to perform this work, the ALJ gave "great weight" to the opinion of one-time examining source Michael W. McCall, Jr., M.D.  Id.  Dr. McCall examined Plaintiff in 2013 and found, among other things that, Plaintiff is able to sit, stand, walk, lift and handle objects "without much difficulty."  ALJ's decision at AR, p. 83 referring to Dr. McCall's opinion at AR, p. 565.

On appeal of the ALJ's decision to the Appeals Council, Plaintiff submitted evidence suggesting that Dr. McCall was not a "qualified," per the requirements of 20 C.F.R. 404.1519g,[1] to examine Plaintiff and offer an opinion on what Plaintiff can still do despite her impairments because, at the time of the examination (2013), he was not licensed in Kentucky.  Specifically, Plaintiff submitted evidence to the effect that Plaintiff was licensed to practice dermatology in Kentucky until 2014.  See Plaintiff's evidence in supplemental administrative record, Docket 15-2, consisting of an active-physicians on-line data-base print-out.

---

[1] Section 404.1519g provides, in pertinent part, as follows:
*Who we will select to perform a consultative examination.*
(a) We will purchase a consultative examination only from a qualified medical source. The medical source may be your own physician or psychologist, or another source. …
(b) By "qualified," we mean that the medical source must be currently licensed in the State and have the training and experience to perform the type of examination or test we will request ….
Plaintiff does not allege that Dr. McCall lacked the training and experience to perform the type of examination requested.

2

Notwithstanding Plaintiff's evidence, the Appeals Council declined the review the ALJ's decision, thereby rendering the ALJ's decision the Commissioner's final decision, subject to the present judicial review. Cotton v. Secretary, 2 F.3d 692, 695 (6th Cir.1993).

Plaintiff claimed that a remand is required because of the ALJ's reliance on an unqualified medical source opinion. Docket 16-1, pp. 9-11. Defendant submitted evidence that, in fact, Dr. McCall was licensed to practice medicine as a resident/fellow in 2011. See Defendant's evidence, Docket 19-1, consisting of a medical-residents on-line data-base print-out). While not questioning its accuracy, Plaintiff moved to strike Defendant's evidence, which shows that Dr. McCall was, in fact, licensed in Kentucky at the time of his examination and opinion. According to Plaintiff, her evidence but not Defendant's is part of the administrative record, which this Court may consider in conducting its judicial review. See motion to strike, Docket 20, p. 4 ("[T]he record before the agency at the time that it made its final decision was that Dr. Michael McCall Jr. was not a licensed physician at the time that he evaluated and rendered his opinion in Mrs. Harrison's claim").

Plaintiff's argument is unpersuasive because it fails to recognize that, for purposes of (Sentence 4) judicial review, neither her evidence nor Defendant's is part of the administrative record. Any evidence that was not before the ALJ – whether first submitted to the Appeals Council or to this Court – cannot fairly be considered by the Court in determining whether the ALJ's decision was supported by substantial evidence. See Cline v. Commissioner, 96 F.3d 146, 148 (6th Cir. 1996) (Evidence submitted after the ALJ's decision may be considered by the Court only for the limited purpose of determining whether to grant a Sentence 6 remand).

While Plaintiff has failed to move for a Sentence 6 remand, the Court will consider Plaintiff's evidence in that light. Sentence 6 authorizes a remand for consideration of new evidence if Plaintiff shows that the evidence is material and there was good cause for not submitting it to the ALJ. Evidence is material only if there is a "reasonable probability that the [ALJ] would have reached a different

3

disposition of the disability claim if presented with the new evidence." Sizemore v. Secretary, 865 F.2d 709, 711 (6th Cir. 1988).

Plaintiff has failed to demonstrate materiality of her new evidence (indicating Dr. McCall was licensed to practice dermatology in 2014) because, if presented with such evidence, the ALJ would likely have simply discovered (the content of) Defendant's evidence and relied on Dr. MCall's opinion just the same. Due to lack of materiality, the Court will DENY Plaintiff's motion to strike (Docket 19).[2]

**The ALJ's decision was supported by substantial evidence.**

The ALJ did not err in relying on Dr. McCall's medical opinion that Plaintiff is able to sit, stand, walk, lift and handle objects "without much difficulty." Decision at AR, p. 83 referring to opinion at AR, p. 565.

Plaintiff's sole remaining contention is that the ALJ erred in declining to give controlling weight to the disabling medical opinion of her treating physician. Due to illegibility of that opinion and lack of supporting objective medical data (both in the opinion itself and in the treatment records), the argument is unpersuasive.

In November 2013, treating physician Richard Blalock completed, at Plaintiff's request, the Physical Residual Functional Capacity Questionnaire. Questionnaire at AR, pp. 1122-1126.

In January 2014, treating neurologist Christopher King stated that he "agree[d] with all of the restrictions found in Section 15, a-n" of Dr. Blalock's Questionnaire. AR, p. 1195. Section 15 of the Questionnaire consists of Plaintiff's restrictions with respect to her abilities to sit, stand, walk, and lift/carry during an 8-hour working day.

It is undisputed that acceptance of the Section 15 limitations opined by the treating physicians would preclude all full-time work and render Plaintiff disabled.

---

[2] Alternatively, the Court accepts the Commissioner's position that that the Court may consider and take judicial notice of Defendant's evidence because it constitutes a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned. See Commissioner's response in opposition to motion to strike, Docket 23, citing Passa v. City of Columbus, 123 Fed.Appx. 694, 2005 WL 3723052005 citing Fed.R.Evid. 201(b)(2).

A treating source's medical opinion is entitled to "controlling" weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. 404.1527(c)(2).

"Controlling" weight is a term of art in the sense that, even if it is not entitled to controlling weight, a treating physician's opinion may be entitled to greater weight than any other opinion in the administrative record.  See Section 404.1527(c)(2) ("When we [the Social Security Administration] do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section[3] in determining the weight to give the opinion."

The treating physicians' disabling medical opinions were not entitled to controlling or case-dispositive weight because:

1. Dr. Blalock completed the Questionnaire in his own mostly-illegible handwriting.  The sections of the Questionnaire (1-14 and 16) that asked Dr. Blalock to identify the objective clinical bases in support of his disabling limitations are insufficiently legible.

2. Plaintiff has failed to identify any objective medical data in the treatment notes of Drs. Blalock and King that warranted disabling limitations.

3.  The only "severe," or vocationally-significant, impairment recognized by the ALJ was unexplained psychogenic tremor of the right upper extremity.  ALJ's decision, AR, p. 77.  The legible portions of the Questionnaire indicate that Dr. Blalock assigned disabling limitations based upon the presence of other, non-tremor diagnoses (including fibromyalgia) and a host of associated subjective symptoms.[4]  Because Plaintiff has not identified the illegible diagnoses or pointed the Court to evidence

---

[3] The factors are:  Length of the treatment relationship and the frequency of examination; nature and extent of the treatment relationship; supportability; consistency; specialization; and other factors.

[4] According to the Questionnaire and Dr. Blalock's responses:
1. Frequency and length of contact:  3-5-13
2. Diagnoses:  [illegible], fibromyalgia, [illegible], [illegible], [illegible], hyperlipidosis

5

in the administrative record supporting their existence, she has waived her right to rely on the treating source's identification of disabling limitations based thereupon.

4. The ALJ identified substantial bases for giving "little weight" to the Questionnaire findings of Drs. Blalock and King. See ALJ's decision at AR, p. 86 ("While both Doctors treated the claimant numerous times, there is little evidence from their treatment notes or other sources that support the limitations given by [them]").

## Order

For the reasons stated above, Plaintiff's motion to strike (Docket 20) is DENIED; Plaintiff's motion for summary judgment (Docket 16) is DENIED; the final decision of the Commissioner is AFFIRMED; and Plaintiff's complaint is DISMISSED.

---

3. Prognosis: fair
4. List your patient's symptoms, including pain, dizziness, fatigue, etc.: muscle aches, tremors, arthralgias, indigestion, vaginal bleeding
5. If your patient has pain, characterize the nature, location, frequency, precipitating factors, and severity of your patient's pain: chronic diffuse pain, [illegible], sharp, occ. dull, [illegible], arms, shoulders, back, hips. [illegible]. Pt. rates pain as 7 [illegible] 10 scale                                                                                                         (AR, p. 1122).